## NATIONAL LABOR RELATIONS BOARD
v.
### EWELL ENGINEERING & CONTRACTING CO., Inc., Ewell prestressed Concrete Co., and Ewell Concrete Pipe Co.
No. 19619.

United States Court of Appeals
Fifth Circuit.

April 4, 1963.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Glen M. Bendixsen, Atty., Stuart Rothman, Gen. Counsel, Allison W. Brown, Jr., Atty., N. L. R. B., Washington, D. C., for petitioner.

Granville M. Alley, Jr., Glenn L. Greene, Jr., Jesse S. Hogg, Raymond J. Malloy, Tampa, Fla., Fowler, White, Gillen, Humkey & Trenam, Tampa, Fla., of counsel, for respondents.

Before TUTTLE, Chief Judge, WOODBURY,* Chief Judge, and BELL, Circuit Judge.

PER CURIAM.

This is a petition for enforcement of an order of the National Labor Relations Board based upon findings that respondent violated Section 8(a) (1) of the Act by threatening and interrogating employees concerning their union activity and that respondent violated Section 8 (a) (3) and 8(a) (1) by discharging five employees because of their union activities. We conclude that the evidence touching on the 8(a) (1) violation of threatening and interrogation is amply supported on the record. Furthermore, the fact that several representatives of the management clearly indicated by direct statements that certain of the discharges had been for the purpose of getting rid of the men identified with the union, in light of the knowledge that the respondent had of the union activities of each of those discharged, is sufficient for the Board to draw the inference that the union activity was the motivating cause for the discharge of these five employees. See National Labor Relations Board v. Ferguson, 5th Cir., 257 F.2d 88, where we said: "The effect of this evidence was an admission, in the sense of a position contrary to that taken in the pending proceeding, Cox v. Esso Shipping Co., 5 Cir., 247 F.2d 629, that each and all had been fired for union membership."

Under the circumstances of this case, we do not believe that the order is too broad. See National Labor Relations Board v. Galloway Manufacturing Corp., 5th Cir., 312 F.2d 322.

* Chief Judge of the First Circuit, sitting by designation.